IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:00-CR-250-1 |
| | ) | 1:00-CR-251-2 |
| AARON KEITH BLACKNELL, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court are Defendant's motions for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] (Case No. 1:00CR250-1, ECF No. 213; Case No. 1:00CR251-2, ECF No. 188). The Government filed responses opposing Defendant's motions, (Case No. 1:00CR250-1, ECF No. 218; Case No. 1:00CR251-2, ECF No. 193), and Defendant replied (Case No. 1:00CR250-1, ECF No. 220; Case No. 1:00CR251-2, ECF No. 195). For the reasons discussed below, Defendant's motions for reduction in sentence will be granted.

### I. BACKGROUND

Defendant along, with his co-defendants, committed bank robberies on August 17, 1999, and November 2, 1999. Defendant was indicted for offenses related to the August bank

---

[1] The motions arise from related cases and the parties have filed identical pleadings in both cases. If not otherwise noted, citations to documents filed in CM/ECF throughout the Order refer to filings in Case No. 1:00CR250-1.

robbery in Case No. 1:00CR250-1 and for offenses related to the November bank robbery in Case No. 1:00CR251-2.  After a bifurcated jury trial, Defendant was convicted in each case of Counts One and Two for bank robbery and armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2 and 2113(d)(1), and Count Three for carry and use, brandishing, of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  (Case No. 1:00CR250-1, ECF No. 94; Case No. 1:00CR251-2, ECF No. 89.)  Defendant was sentenced to a total of 462 months' imprisonment.  (ECF No. 85 at 2.)  He received 78 months' imprisonment on Count Two in each case, sentences to run concurrently, followed by mandatory consecutive sentences of 7 years of imprisonment on Count Three in Case No. 1:00CR250-1 and 25 years of imprisonment on Count Three in 1:00CR251-2.[2]  (*Id.*).  Defendant is 58 years old, has been incarcerated since August of 2000, and has a projected release date of June 19, 2033.[3]

       Defendant contends that changes in the sentencing law applicable to § 924(c) constitute an extraordinary and compelling reason for a reduction in sentence.  Defendant says that under the current sentencing scheme he would not be subject to the mandatory 25-year sentence on his second 924(c) conviction.  He argues that his sentence is unusually long and that there is a gross disparity between his sentence and the sentence that would be imposed today.  (ECF No. 213 at 4-5.)

---

[2]  Only Counts Two and Three were used to calculate Defendant's sentence in each case.  The offense in Count One is a lesser included offense of Count Two so Counts One and Two were merged for sentencing.  (Case No. 1:00CR250-1, ECF No. 185, ¶ 20.)

[3]  Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited July 30, 2025) (enter "19786-057" in BOP Register Number field).

In its response, which was filed prior to the Fourth Circuit's ruling in *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024), the Government argues that a non-retroactive intervening change in the law should not constitute an extraordinary and compelling reason to reduce a sentence. (ECF No. 218 at 21, 23.) However, with respect to Defendant's 924(c) convictions, the Government acknowledges that if "sentenced today, [Defendant] would face a statutory minimum of 168 total months on those two counts, rather than 384 months." (*Id.* at 21.) The Government recognizes Defendant has essentially served "the hypothetical 168-month sentence, plus the additional 78-month sentence on his remaining counts of conviction, to which he could be sentenced today." (*Id.* at 21-22.) Further, the Government acknowledges that under similar circumstances, "this Court and other judges in this District have concluded the sentence available under current law would result in a sentence sufficient to provide just punishment, deterrence, and protection to the public." (*Id.* at 22.)

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant filed a request for compassionate release with the Bureau of Prisons on or about July 12, 2023, which was denied. (ECF No. 213-1.) The Court will, therefore, proceed to the merits of Defendant's motion.

### A. Extraordinary and Compelling Reasons

While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010). A change in the law may be an extraordinary and compelling reasons to support a modification of sentence. *See Davis*, 99 F.4th at 654. The Sentencing Commission policy guidelines specify a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6). In *Davis* the Fourth Circuit recognized that a non-retroactive change in the law such as the changes to § 924(c) from the First Step Act can be an extraordinary and compelling reason to reduce a sentence. 99 F.4th at 657-58.

As Defendant asserts, under the law at the time of his sentencing, Count Three in Case No. 1:00CR251-2 was classified as a "second or subsequent" conviction under 18 U.S.C. § 924(c)(1)(A)(ii), thereby requiring a mandatory minimum sentence of 25 years (300 months). However, the First Step Act, enacted after Defendant's sentencing, changed the sentencing

criteria and requires that a second or subsequent conviction must "arise from a separate case" that is final. *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020). Therefore, as the sentencing law now exists, Count Three in Case No. 00CR251 could not be treated as a second or subsequent offense under § 924(c).

Without the stacked sentences, Defendant's mandatory minimum sentence on the second 924(c) conviction would be reduced from 300 months to 84 months, 18 years shorter. Therefore, the Court finds that Defendant has demonstrated both an unusually long sentence and a gross disparity between the sentence imposed and the sentence likely to be imposed under the current law. Moreover, Defendant has served more than 24 years of his sentence. (ECF No. 218-1 at 4.) Accordingly, the Court finds Defendant has established an extraordinary and compelling reason that may support a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

**B.  Section 3553(a)**

Having found an extraordinary and compelling reason, the Court must consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In making this determination, the Court weighs a number of factors to include: the nature of the offense; the defendant's personal history; the sentence relative to the nature and seriousness of his offense; the need for a sentence imposed to demonstrate just punishment for the crime; the need to protect the public and deter crime; the need to provide a defendant with effective rehabilitative circumstances; and the need to avoid sentencing disparity. *See id.* A court may consider post-sentencing facts in the record

5

such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

The Court first considers the nature of the offenses and Defendant's personal history. The Court recognizes that the bank robberies committed by Defendant were serious crimes warranting a significant sentence. In each case Defendant and his co-defendants confronted and threatened the victims, demanding money while brandishing firearms. Nonetheless, the Court finds that a consideration of the § 3553(a) factors overall weighs in favor of a reduction in sentence. While the bank robberies were undoubtedly terrifying for the victims, no one was physically harmed. (*Id.*, ¶ 18.) Moreover, these crimes are Defendant's first felony convictions. While Defendant has two misdemeanor assault convictions, his criminal history consists mostly of motor vehicle related offenses such as driving with a revoked license. (*Id.*, ¶¶ 47-55.) Before receiving his nearly 40-year sentence of imprisonment for the present offenses, Defendant had never been sentenced to an active term of incarceration.

The Court also considers "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see United States v. Trotman*, 837 F. App'x 187, 188–89 (4th Cir. 2020). The Court understands the co-defendants entered into plea agreements with the Government which impacted the length of their sentences. However, Defendant Maye was sentenced to 100 months' imprisonment and Defendant McQuaig was sentenced to 272 months'

6

Case 1:00-cr-00250-LCB      Document 225      Filed 07/30/25      Page 6 of 10

imprisonment for their participation in the same offenses as Defendant.[4] (Case No. 00CR250-1, ECF No. 86; Case No. 00CR250-3, ECF No. 84.) Both men have been out of BOP custody for years, Defendant Maye since 2010 and Defendant McQuaig since 2021.[5]

Defendant's post-conviction behavior, while not exceptional, is positive and weighs in favor of a reduction in sentence. Defendant has acknowledged both the severity of his crimes and that his crimes "warranted a severe punishment." (ECF No. 188 at 5.) During his lengthy incarceration Defendant has maintained generally good institutional behavior.[6] Moreover, Defendant has not had any infractions in over three years, which evidences a present willingness and ability to conform his behavior and comply with the rules. (ECF No. 222 at 2.) The many years he has been incarcerated have provided sufficient time to address the goal of rehabilitation. He has completed 393 hours of BOP educational programming and has maintained various work assignments, most recently as a building orderly. (*Id.* at 3.) He states that he has completed "11 eligible programs that reduce his recidivism potential" and says these efforts show he is "committed to ensuring he is successful" upon his release. (ECF No. 188 at 6.) Defendant is now 58 years old, an age at which the risk of recidivism significantly

---

[4] Moreover, the available information reflects that Defendant McQuaig has a more substantial criminal history than Defendant. (*See* Case No. 00CR250-3, ECF No. 178, ¶¶ 79-85.)

[5] *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Apr. 29, 2025).

[6] He has had seven infractions during his more than 24 years of incarceration, and he has only had two infractions during the last 13 years. He had three infractions in 2003, two for failing to follow safety regulations and one for refusing to obey an order. He had two infractions on the same date in 2011 for possessing stolen property and destruction of property. He was cited in 2017 for being insolent to a staff member and in 2022 for being absent from an assignment. (ECF No. 218-2 at 1-2; ECF No. 222 at 2.)

7

declines.  *See United States v. Howard*, 773 F.3d 519, 533 (4th Cir. 2014) (recognizing significant drop in recidivism for offenders over 45, and noting it is even lower for offenders over 55).

Information before the Court indicates Defendant will have family support to assist and help him succeed outside of prison.  Defendant indicates he owns a home next to his aunt and uncle, Jesse and Desby Blacknell, and plans to live there upon his release.  (ECF No. 213 at 6.)  He says he will work in a family construction business.  (*Id.*)  At the direction of the Court the Probation Office investigated and evaluated this release plan.  (*See* Text Order dated 4/10/2025.)  The Probation Office conducted a home assessment with Defendant's aunt, Desby Blacknell.  The Probation Office learned Defendant's uncle, Jesse Blacknell, passed away since Defendant proposed his release plan.  (ECF No. 222 at 1.)  It also learned that the home which Defendant refers to as his own, is a rental and not available for Defendant to occupy.  (*Id.*)  However, Ms. Blacknell indicated Defendant is welcome to reside with her in her home and probation deemed the home a suitable residence for supervision.  (*Id.*)  Ms. Blacknell is unrelated to the branch of the family that owns the construction business and could not confirm Defendant's employment plan.  (*Id.* at 2.)  However, she noted that prior to Defendant's incarceration he received disability benefits, and she offered that he could reapply for the benefits if released.[7]

Finally, the Court considers the substantial difference between Defendant's sentence and the sentence he would face if convicted of the same crimes today.  As the Court discussed above, 300 months of Defendant's sentence was mandated based on a sentencing procedure

---

[7] The Presentence Investigation Report indicates that prior to incarceration Defendant received "regular disability payments of $818" and they were terminated "upon his incarceration."  (ECF No. 185, ¶ 76.)

8

that is now prohibited. If sentenced today for the same offenses, Defendant's mandatory minimum sentence on Count Three would be 18 years shorter. As the current sentencing protocol for 924(c) indicates, the need for just punishment, to protect the public, and to deter crime can be satisfied with a reduced sentence.

Accordingly, after an individualized consideration of the § 3553 factors, the Court finds that a reduction in sentence is appropriate. With the goal of a sentence "sufficient, but not greater than necessary" the Court will reduce Defendant's sentence to time served.

Based on the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's motions for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Case No. 1:00CR250-1, ECF No. 213; Case No. 1:00CR251-2, ECF No. 188), are **GRANTED**. Defendant's sentences of imprisonment will be **REDUCED TO TIME SERVED** in each case. Defendant's supervised release and any conditions of his sentences beyond the length of imprisonment remain as previously ordered.

Additionally, because Defendant's offenses involved a firearm and to assist probation in safely monitoring Defendant's conduct while under supervision, as well as to assist Defendant in his successful reintegration into the community, it is further **ORDERED** that the following special term be added to the conditions of release imposed at the time of sentencing:

Defendant **SHALL** submit his person, residence, office, vehicle, or any property under his control to a warrantless search. Such search shall be conducted by a United States

Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of a firearm, contraband, or evidence of a violation of a condition of release. Failure by Defendant to submit to such a search may be grounds for revocation. Defendant shall alert any residents that the premises may be subject to searches.

Execution of this Order is **STAYED** for 14 days from the date of the Order to allow the Bureau of Prisons and Probation Office time to make appropriate arrangements for Defendant's release.

This, the 30th day of July 2025.

/s/ Loretta C. Biggs
Senior United States District Judge